SMITH W. BURNETT, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE TOWN OF BOONTON.

Submitted March 22, 1906—Decided June 11, 1906.

Upon a review by *certiorari* of an assessment for benefits conferred by a street improvement in the town of Boonton, it appearing that the report of the board of assessments to the common council was defective in certain particulars, and it being doubtful whether amendments of the report made by the council to cure such defects were within the powers conferred upon the council by the town charter (*Pamph. L.* 1872, *p.* 812, § 12)—*Held,* that before determining the cause a rule should be granted under the *Certiorari* act (*Pamph. L.* 1903, *p.* 346, § 12) requiring the board of assessments to make certificate to the court concerning such essential matters as were omitted from their report to the council.

On *certiorari.*

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Reed & Salmon.*

For the defendant, *William B. Stites.*

The opinion of the court was delivered by

PITNEY, J. This writ brings under review an assessment upon certain lands in the town of Boonton for the benefits arising from a street improvement. The assessment was

made by the board of assessments established by the town charter (*Pamph. L.* 1872, *p.* 817, § 27), and, after certain alterations, was confirmed by the common council.

The procedure in making such assessments is prescribed by sections 15, 16, &c., of the charter. *Pamph. L.* 1872, *p.* 812. It is made the duty of the board to give all parties interested in or affected by the improvement ample opportunity to be heard on the subject of the assessment; to view the premises; to assess the benefits with due regard to the rights and interests of all persons concerned, as well as the value of the lands and real estate taken or damaged, and to certify their assessment to the common council by a report in writing signed by at least three of their number. Upon familiar principles it is, of course, important that their report should show that the statutory requisites to valid action on their part have been complied with. And it is established in this state that, in order to sustain an assessment for benefits of this character, it must affirmatively appear that the assessment is not in excess of the benefits conferred upon the land. *Rosell* v. *Neptune City,* 39 *Vroom* 509, 511, and cases cited. The charter empowers the common council, after considering the report of the board of assessments, to adopt and ratify it, with or without alteration, as to them may seem proper, and declares that when the report shall be so adopted and ratified, whether with or without alteration, the same shall be final and conclusive, so far as assessments for benefits are concerned.

In the case before us, the report of the board of assessments to the common council failed to state whether they gave to all parties interested ample opportunity to be heard, whether they viewed the premises or whether they assessed the benefits with due regards to the rights and interests of all persons concerned. Nor does it set forth formally that the assessments are not in excess of the benefits conferred upon the land. In these particulars, and perhaps in certain other respects, the report of the board was clearly informal. The common council, upon consideration of the report, proceeded to make alterations therein. The changes made pertained not

alone to the amount of the assessments, but included the insertion, by way of amendment, of statements to the effect that the board of assessments viewed the premises and gave opportunity for a hearing, &c.; that the assessments were in proportion to the benefits, and not in excess thereof, and the like.

It is a matter of serious doubt whether the power of the common council to make alterations in the report of the board extends beyond a modification of the assessments as made by them.

The amendments made by the council in the report are among the matters urged by the. prosecutor as ground for setting aside the assessment. That there may be no doubt as to what action was in fact taken and what determination made by the board of assessments, we have concluded to grant a rule upon the members of the board requiring them, or any three of them (three being a working quorum by the charter), to make certificate to the court concerning such essential matters as were omitted from their report to the council. This is the procedure established by statute (*Pamph. L.* 1876, *p.* 20; *Gen. Stat., p.* 369, *pl.* 13; *Pamph. L.* 1903, *p.* 346, § 12), and pursued in *State, Skinkle, pros.,* v. *Clinton,* 10 *Vroom* 656, 659; *Pardee Works* v. *Perth Amboy,* 30 *Id.* 335, 337. Counsel may be heard upon the form of the rule. Meanwhile, and until the rule shall be returned, the final determination of the cause will be stayed.